UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

JAMIE R. GONZALES,     CASE NO. 3:06 CV 838

    Plaintiff,     CHIEF JUDGE JAMES G. CARR

  v.

    OPINION AND ORDER

WOOD COUNTY SHERIFF'S DEPARTMENT,

    Defendant.

On April 7, 2006, plaintiff pro se Jamie R. Gonzales, an inmate at the Wood County Jail, filed this in forma pauperis action against the Wood County Sheriff's Office. For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915A.

The statement of claim portion of the complaint states in its entirety as follows:

> On February 22, 2004 I was brought into the Wood County Jail. While I was being processed in one of the deputies (Joel Mick) threw me into another officer, and the officer filed an assault charge on me. The officer was James Mick the father of Joel Mick. Now my complaint is that in the Summit County Jail, in Ohio, they have video recording in their booking area to protect their officers and the public!! My complaint is that my equal protection rights under the Fourteenth Amendment of the Constitution of the United States of America have been violated.
>
> Because if you can convict, using video in a government facility, you should also be able to vindicate someone, using video in another facility in the same state!

A district court is expressly required to dismiss any civil action filed by a prisoner seeking relief from a governmental officer or entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; Siller v. Dean, No. 99-5323, 2000

WL 145167, at *2 (6th Cir. Feb. 1, 2000).

Principles requiring generous construction of pro se pleadings are not without limits. Beaudett v. City of Hampton, 775 F.2d 1274, 1277 (4th Cir. 1985). A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. See Schied v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 437 (6th Cir. 1988). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. Beaudett, 775 F.2d at 1278. To do so would "require ...[the courts] to explore exhaustively all potential claims of a pro se plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Id. at 1278.

Even liberally construed, the complaint does not contain allegations reasonably suggesting plaintiff might have a valid federal claim against this defendant. See, Lillard v. Shelby County Bd. of Educ., 76 F.3d 716 (6th Cir. 1996)(court not required to accept summary allegations or unwarranted legal conclusions in determining whether complaint states a claim for relief).

Accordingly, this action is dismissed under section 1915A. Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

S/ JAMES G. CARR
CHIEF JUDGE
UNITED STATES DISTRICT COURT